UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Glenn Williams, # 15975-056, a.k.a. Glenn L. Williams, | C/A No. 6:10-2412-TLW-KFM |
| Petitioner, | |
| vs. | **Report and Recommendation** |
| Darlene Drew, Warden, | |
| Respondent. | |

The petitioner is a federal prisoner at Federal Correctional Institution (FCI)-Bennettsville. On December 14, 1995, the petitioner was convicted, pursuant to a jury's verdict, of the offense of conspiracy to possess with intent to distribute fifty (50) grams or more of cocaine base known as crack cocaine. *United States v. Glenn Williams*, Cr. No. 5:95-00136-F-3. On March 18, 1996, petitioner was sentenced, in the United States District Court for the Eastern District of North Carolina, to four hundred eighty (480) months imprisonment and ten (10) years of supervised release. *Id.* On direct appeal, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. See *United States v. Williams*, Nos. 96-4258, 96-4309, 1997 WL 195917 (4th Cir. April 23, 1997).

The petitioner filed a motion to vacate, under 28 U.S.C. § 2255, in the sentencing court on June 29, 1998. *See United States v. Glenn Williams*, Cr. No. 5:95-00136-F-3; *Glenn Williams v. United States*, Civil Action No. 5:98-00513-F. Petitioner's § 2255 action was dismissed with prejudice on April 1, 2004. *Id.* Petitioner unsuccessfully appealed the denial of this § 2255 action to the Fourth Circuit Court of Appeals. *See*

*United States v. Williams*, No. 03-7504, 2004 WL 1366085 (4th Cir. June 16, 2004)(denying certificate of appealability and dismissing appeal).

Now the petitioner invokes 28 U.S.C. § 2241, again attempting to challenge his conviction and sentence. *See* Petition, page 1.

### *DISCUSSION*

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints and petitions for relief and submit findings and recommendations to the District Court. The *in forma pauperis* statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, at *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her

conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, as applied here, the petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. The petitioner has failed to make such a showing. The fact that the petitioner did not prevail in his prior § 2255 action does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, the petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy

3

the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

In the instant § 2241action, petitioner raises issues associated with his conviction to include: (1) grand jury proceedings; (2) alleged ineffective assistance of trial counsel; and (3) alleged unfair trial procedures. However, petitioner provides no allegations of new evidence, unavailable at the time of conviction, which undermines the validity of his criminal conviction for conspiracy to distribute crack cocaine. Petitioner also seeks a reduced sentence based on changes to the United States Sentencing Guidelines. However, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). As petitioner's claim is insufficient to invoke the savings clause embodied in § 2255, he is barred from proceeding with this habeas corpus action under § 2241.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition in the above-captioned case be dismissed *without prejudice* and without requiring the respondent to file a return.

September 29, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).